**PLANO LINCOLN MERCURY, INC., Appellant**

v.

James **ROBERTS, H.M. Jr. Management, LC, H.M. Adams, Jr., John Tinsley d/b/a Motor Cars of South Texas, Appellee.**

No. 05–04–01118–CV.

Court of Appeals of Texas, Dallas.

July 6, 2005.

Jeffrey L. Clark, Robert L. Kelsoe, Kelsoe, Anderson, Khoury & Clark, P.C., Dallas, for appellant.

Carl Joseph Kolb, San Antonio, for appellee.

Before Justices MORRIS, LANG, and MAZZANT.

## OPINION

Opinion by Justice LANG.

Plano Lincoln Mercury, Inc., plaintiff below, appeals the trial court's final judgment on the jury verdict. The trial court's final judgment orders that Plano–Lincoln–Mercury take nothing in its lawsuit against H.M. Jr. Management, LC, H.M. Adams, Jr., and John Tinsley d/b/a Motor Cars of South Texas, defendants below (H.M. Jr. Management, LC, and H.M. Adams, Jr. are referred to as "Adams"). Also, the trial court's final judgment awards Adams and Tinsley damages and attorneys' fees on their counter-claim against Plano–Lincoln–Mercury.

Plano–Lincoln–Mercury raises six issues on appeal: (1) the trial court erred when it

denied its objections to the jury charge and its motion for judgment notwithstanding the verdict because there was no evidence that Tinsley and Adams gave notice of sale; (2) the trial court erred when it denied its objections to the jury charge and motion for judgment notwithstanding the verdict because the measure of damages was incorrect and there was no evidence of the claimed incidental expenses; (3) the trial court erred when it denied its motion for judgment notwithstanding the jury verdict because the purchase price of the vehicles was unconscionable; (4) the trial court erred when it denied its objection to the jury charge and its motion for judgment notwithstanding the jury verdict because there was no pleading or presentment concerning Tinsley's and Adams' claim for attorneys' fees; (5) the trial court erred when it granted Tinsley's and Adams' motion to reopen to offer additional evidence thirty days after the jury was discharged; and (6) the trial court erred when it allowed Tinsley's and Adams' counsel to testify to attorneys' fees when they had not been timely designated as expert witnesses.

Plano–Lincoln–Mercury's first issue on appeal is decided in its favor. Based on our resolution of Plano–Lincoln–Mercury's first issue on appeal, we need not address its remaining five issues. *See* Tex.R.App. P. 47.1. The trial court's final judgment is reversed, in part, and judgment is rendered that Adams and Tinsley take nothing. *See* Tex.R.App. P. 43.2(c).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Roberts was employed by Plano–Lincoln–Mercury to purchase used vehicles from wholesalers and to resell the vehicles to other wholesalers at a profit. Roberts was instructed not to purchase any vehicle unless he had presold it for a profit. He received a commission based on a percentage of the profit made on each resale of the vehicles.

Plano–Lincoln–Mercury determined that it was losing money on Roberts' purchases because he was paying $5,000 to $10,000 too much for each vehicle he purchased. Roberts' employment at Plano–Lincoln–Mercury was terminated. Plano–Lincoln–Mercury calculated that it had lost $169,000 on the vehicles purchased by Roberts and that $100,000 of that loss was from vehicles purchased from Tinsley and Adams. On behalf of Plano–Lincoln–Mercury, Roberts had bought 23 vehicles from Tinsley and sold 21 vehicles to Tinsley for a loss of $77,000. Also, Roberts bought 17 vehicles from Adams and sold 18 vehicles to Adams for a total loss of $23,000. Further, Roberts had repeatedly purchased and sold the same vehicles back and forth between Tinsley and Adams.

After Roberts' employment was terminated, three purchase drafts payable to Tinsley and four purchase drafts payable to Adams were received by Plano–Lincoln–Mercury. Plano–Lincoln–Mercury rejected these seven purchase drafts.

Plano–Lincoln–Mercury sued Roberts for fraud and breach of fiduciary duty based on his purchase of the used vehicles at a substantially excessive price from vehicle wholesalers. In its lawsuit, Plano–Lincoln–Mercury alleged that Roberts was receiving kickbacks from the wholesalers for his agreement to overpay for the vehicles. A no-answer default judgment was entered by the trial court on Plano–Lincoln–Mercury's suit against Roberts.

Plano–Lincoln–Mercury also sued Adams and Tinsley for civil conspiracy and violations of the Texas Deceptive Trade Practices Act. Further, Plano–Lincoln–Mercury sought rescission of the sales and the seven vehicle purchase drafts it received after Roberts' employment was ter-

minated. Adams and Tinsley filed a counter-claim against Plano–Lincoln–Mercury for breach of contract, fraud, breach of duty of commercial good faith and fair dealing, theft, deceptive trade practices, and liability on instruments. During the charge conference, Plano–Lincoln–Mercury objected to two questions in the charge addressing Tinsley's and Adams' damages arguing there was no evidence of prior notice of their intention to resell or the commercial reasonableness of the resale. The trial court overruled Plano–Lincoln–Mercury's objection. After the trial, the jury returned the following verdict finding: (1) against Plano–Lincoln–Mercury's claims for civil conspiracy and violations of the Texas Deceptive Trade Practices Act; (2) in favor of Adams and Tinsley on their claim for breach of contract awarding Tinsley $32,335 in damages and $30,000 in attorneys' fees for trial, and awarding Adams $14,965.05 in damages and $30,000 in attorneys' fees for trial; and (3) against Tinsley and Adams on their remaining claims.

Plano–Lincoln–Mercury filed a motion for judgment notwithstanding the verdict arguing, in part, that there was no evidence that the resale of the seven vehicles was done in a commercially reasonable manner or that it had prior notice of the private sale. Tinsley and Adams responded to the motion and moved to reopen the proof to admit into evidence two letters they say reflect their demand and presentment. Although the jury had been discharged, the trial court admitted the two letters offered and denied Plano–Lincoln–Mercury's motion for judgment notwithstanding the verdict.

## II. NOTICE OF SALE

In its first issue on appeal, Plano–Lincoln–Mercury argues the trial court erred when it denied its objections to the jury charge and its motion for judgment notwithstanding the jury verdict because there was no evidence that Tinsley and Adams gave prior notice of their intention to resell. Tinsley and Adams respond that there is ample evidence of their notice of intent to resell the vehicles and, even if they did not give prior notice of the private sale, they are not precluded from recovering on their counter-claim for breach of contract. Also, Tinsley and Adams respond that Plano–Lincoln–Mercury did not preserve this issue for appeal.

### A. Preservation of Issue for Appeal

■ Tinsley and Adams argue that Plano–Lincoln–Mercury did not preserve its first issue for appeal because it did not file special exceptions to their pleadings and did not object to the evidence or jury submission on the ground that it was not supported by the pleadings.

■ Texas Rule of Appellate Procedure 33.1 establishes the prerequisites for preserving an appellate complaint. To preserve a point for appellate review, a party must make a timely, specific objection or motion to the trial court that states the grounds for the ruling sought with sufficient specificity, unless the grounds are apparent from the context, obtain a ruling on the complaint, and comply with the rules of evidence or procedure. TEX. R.APP. P. 33.1; *In the Interest of L.M.I. and J.A.I.,* 119 S.W.3d 707, 711 (Tex.2003), *cert. denied,* 541 U.S. 1043, 124 S.Ct. 2175, 158 L.Ed.2d 733 (2004). Therefore, to preserve a complaint, the argument made to the appellate court must have been included in a motion presented to the trial court or was otherwise presented to the trial court. *See Gibson v. Ellis,* 126 S.W.3d 324, 330 (Tex.App.-Dallas 2004, no pet.); *Sherman v. Triton Energy Corp.,* 124 S.W.3d 272, 279 (Tex.App.-Dallas 2003, pet. denied). A no-evidence point of error

is preserved for appellate review if the appellant raised the issue through one of the following: (1) a motion for directed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial. *See Cecil v. Smith*, 804 S.W.2d 509, 510—11 (Tex.1991).

The record shows that Plano–Lincoln–Mercury objected to Questions 12 and 15 of the jury charge addressing the measure of Tinsley's and Adams' damages arguing there was no evidence of prior notice of their intention to resell or the commercial reasonableness of the resale. The trial court overruled Plano–Lincoln–Mercury's objection. The record also shows that Plano–Lincoln–Mercury filed a motion for judgment notwithstanding the verdict arguing, in part, that there was no evidence that the resale of the seven vehicles was done in a commercially reasonable manner or that it had prior notice of the private sale. Accordingly, Plano–Lincoln–Mercury preserved for appeal its first issue, which argues there was no evidence that Tinsley and Adams gave it prior notice of their intention to resell.

### B.  Standard of Review

A judgment notwithstanding the verdict is proper when there is no evidence supporting the jury's findings or when the movant is entitled to judgment as a matter of law. *Exxon Corp. v. Quinn*, 726 S.W.2d 17, 19 (Tex.1987). A trial court may disregard a jury's answer and render a judgment notwithstanding the verdict only if a directed verdict would have been appropriate. *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex.1991). However, if there is any evidence of probative force to support the jury's findings, a trial court must deny a motion for judg-

ment notwithstanding the verdict. *See Navarette v. Temple Indep. Sch. Dist.*, 706 S.W.2d 308, 309 (Tex.1986).

The denial of a motion for judgment notwithstanding the verdict is reviewed on appeal as a "no evidence" point of error. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 241–42 (Tex.1988). A "no evidence" or legal insufficiency point is a question of law which challenges the legal sufficiency of the evidence to support a particular fact finding. *State Dept. of Transp. v. Barraza*, 157 S.W.3d 922, 925 (Tex.App.-El Paso 2005, no pet.). A legal sufficiency review of both a judgment notwithstanding the verdict and a no-evidence point of error must credit the favorable evidence if reasonable jurors could, and disregard the contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, No. 02–1012, 2005 WL 1366509, at \*\*3, 11, 14, 168 S.W.3d 802, 810, 823, 827 (Tex. June 10, 2005).

An appellate court will sustain a no-evidence point of error when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex.2003); *Mary Kay Inc. v. Woolf*, 146 S.W.3d 813, 817 (Tex. App.-Dallas 2004, no pet.), *cert. denied*, —— U.S. ——, 125 S.Ct. 2530, 161 L.Ed.2d 1112 (2005); *see Wilson*, 2005 WL 1366509, at \*2, 168 S.W.3d at 810.

### C.  Applicable Law

When the buyer breaches a contract for the sale of goods, the seller may: (1) withhold delivery of such goods; (2) stop delivery by any bailee as provided in § 2.705;

(3) proceed under the next section respecting goods still unidentified to the contract; (4) resell and recover damages as provided in § 2.706; (5) recover damages for non-acceptance as provided in § 2.708, or in a proper case the price as provided in § 2.709; or (6) cancel. TEX. BUS. & COM. CODE ANN. § 2.703 (Vernon 1994 & Supp. 2004—05).

The Uniform Commercial Code § 2.706, as adopted in Texas, authorizes an aggrieved seller to resell the contract goods and to measure its damages by the difference between the contract price and the resale price. *Cook Composites, Inc. v. Westlake Styrene Corp.*, 15 S.W.3d 124, 137 (Tex.App.-Houston (14th Dist.) 2000, pet. dism'd). Where the seller chooses to resell privately, § 2.706 sets out three simple steps the seller must follow: (1) identify the resale contract to the broken contract; (2) give the buyer reasonable notice of the seller's intention to resell; and (3) resell in good faith and in a commercially reasonable manner. TEX. BUS. & COM.CODE ANN. § 2.706 (Vernon 1994 & Supp.2004—05).

Presale notice and commercial reasonableness are elements of a prima facie claim for damages. *Cook*, 15 S.W.3d at 138. Recovery under § 2.706 is precluded if the seller does not prove both: (1) presale notice; and (2) commercial reasonableness. *See id.* at 137.

A person has "notice" of a fact when (1) he has actual knowledge of it; (2) he has received a notice or notification of it; or (3) from all the facts and circumstances known to him at the time in question he has reason to know that it exists.

TEX. BUS. & COM.CODE ANN. § 1.202(a) (Vernon Supp.2004–05)(formerly § 1.201(25)). Actual notice may be either express or implied. *See Exxon Corp. v. Raetzer*, 533 S.W.2d 842, 846 (Tex.Civ.App.-Corpus Christi 1976, writ ref'd n.r.e.). However, mere rumors, vague statements, and circumstances that are dubious or equivocal and do no more than arouse suspicion or create speculation are not sufficient to constitute actual notice. *BarclaysAmerican/Business Credit, Inc. v. E & E Enterprises, Inc.*, 697 S.W.2d 694, 702 n. 2 (Tex. App.-Dallas 1985, no writ); *Exxon Corp.*, 533 S.W.2d at 846.

Section 2.706(3) requires that reasonable notification of the seller's intention to resell must be given to the buyer where the resale is a private sale.[1] TEX. BUS. & COM.CODE ANN. § 2.706 cmt. 8. Reasonable notification means notification reasonably calculated to give actual notice of the relevant fact. *See Gray v. F.D.I.C.*, 841 S.W.2d 72, 84 (Tex.App.-Houston [1st Dist.] 1992, writ dism'd by agr.)(discussing reasonable notification under former TEX. BUS. & COM.CODE ANN. § 9.504, currently §§ 9.610—13). What constitutes reasonable notice will vary with the particular facts and circumstances of each case. *Id.* However, giving best notification or full and complete notification is not required. *Id.* The length of the notification of a private sale depends on the urgency of the matter, and the notification of the time and place of this type of sale is not required. *See* TEX. BUS. & COM.CODE ANN. § 2.706, cmt. 8.

The seller's inability to prevail under § 2.706, however, is not necessarily

---

1. Comment 8 of the Texas Business and Commerce Code refers to a private sale under subsection 3. We note that the only subsection 3 is § 2.706(d)(3), which address public resale. However, § 2.706(c) of the Texas Business and Commerce Code and § 2–706(3) of the Uniform Commercial Code address private resale. *Compare* TEX. BUS. & COM.CODE ANN. § 2.706(c), cmt. 8, *with* U.C.C. § 2–706(3), cmt. 8. Accordingly, we construe comment 8 to address § 2.706(c) of the Texas Business and Commerce Code.

fatal to its recovery of damages on a breach of contract claim. *Cook Composites*, 15 S.W.3d at 138. The comments to § 2.706 provide that the failure to comply with its procedural provisions still leaves the seller with its remedy under § 2.708. *See* TEX. BUS. & COM.CODE ANN. § 2.706 cmt. 2; *Cook Composites*, 15 S.W.3d at 138. Section 2.708 embodies the seller's right to traditional contract market differential recovery and allows an aggrieved seller to measure its damages by: (1) the difference between the market price and the unpaid contract price together with any allowed incidental damages; or (2) the profit which the seller would have made from full performance together with any allowed incidental damages. TEX. BUS. & COM.CODE ANN. § 2.708 (Vernon 1994 & Supp.2004–05); *Cook*, 15 S.W.3d at 138. However, a party bringing suit under § 2.708 must plead and prove each element of recoverable damage. *Cook*, 15 S.W.3d at 138.

### D. Application of the Law to the Facts

Plano–Lincoln–Mercury contends that the two letters admitted after the jury returned its verdict do not comply with § 2.706 of the Texas Business and Commerce Code. Tinsley and Adams respond that: (1) there is ample evidence of their notice of intent to resell the vehicles; (2) even if they were not in strict compliance with Texas Business and Commerce Code § 2.706, they gave Plano–Lincoln–Mercury notice of the business customs and practices; and (3) even if they did not give prior notice of the private sale, they are not precluded from recovering on their counter-claim for breach of contract.

During the charge conference, Plano–Lincoln–Mercury objected to two jury questions respecting the measure of damages for Tinsley's and Adams' counter-claim for breach of contract because there was no evidence of prior notice of their intention to resell or the commercial reasonableness of the resale. The jury awarded Tinsley and Adams damages based on the difference between the resale price and the contract price. *See* TEX. BUS. & COM.CODE ANN. § 2.706(a). Plano–Lincoln–Mercury filed a motion for judgment notwithstanding the verdict arguing, in part, that there was no evidence of prior notice of their intention to resell or the commercial reasonableness of the resale. In the face of Plano–Lincoln–Mercury's argument that there was no evidence of prior notice of their intention to resell, Tinsley and Adams sought leave to reopen the evidence to offer two letters, weeks after the jury returned its verdict. The trial court granted them leave to offer the two letters into evidence and the letters were admitted. One of those letters specifically gave notice of Plano–Lincoln–Mercury's breach and stated the following:

> Unless you request additional time, our client will hold the vehicles for not more than 10 days and will then exercise his remedies for the buyer's breach pursuant to statute.

Tinsley and Adams contend that the portion of the letter restated above is evidence of their advance notice of their intention to resell the vehicles, which they acknowledge was by private sale. We disagree with Tinsley's and Adams' contention as to the effect of the letters.

Resale is only one of six remedies that were available to Tinsley and Adams pursuant to the statute. *See* TEX. BUS. & COM.CODE ANN. § 2.703. When the seller selects private resale as its remedy, § 2.706(c) requires that "the seller *must* give the buyer reasonable notification of his intention to resell." TEX. BUS. & COM. CODE ANN. § 2.706 [emphasis added]. Further, reasonable notice means that the notification must be calculated to give actual

notice. *See Gray*, 841 S.W.2d at 84. The vague statement that Tinsley and Adams would "exercise [their] remedies for the buyer's breach pursuant to statute" is not sufficient to constitute actual notice that Tinsley and Adams had selected private resale from among the six remedies set out in § 2.703. *See BarclaysAmerican*, 697 S.W.2d at 702 n. 2; *Exxon Corp.*, 533 S.W.2d at 846.

■■■■■ Tinsley and Adams also contend we should conclude the notice is sufficient because the letter provides notice of business customs and practice. They rely on *Waples v. Overaker*, 77 Tex. 7, 13 S.W. 527 (1890) for the proposition that the buyer's knowledge of the legal right to resell, resulting from his refusal to comply with the contract, is sufficient notice of the seller's intention to resell to allow the seller to recover the damages sustained by the resale. 77 Tex. at 12, 13 S.W. at 528. However, we cannot agree with this argument either. Where the Uniform Commercial Code applies, common law rules regarding breach of contract do not apply. *See* Tex. Bus. & Com.Code Ann. § 2.102 (Vernon 1994 & Supp.2004—05); *Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 235 (Tex. App.-San Antonio 2001, no pet.). To the extent they do not conflict with the Uniform Commercial Code's provisions, common law principles complement the Uniform Commercial Code. *Aquaduct, L.L.C. v. McElhenie*, 116 S.W.3d 438, 443 (Tex. App.-Houston [14th Dist.] 2003, no pet.); *see* Tex. Bus. & Com.Code Ann. § 1.103(b) (Vernon Supp.2004—05); *Bryan v. Citizens Nat'l Bank*, 628 S.W.2d 761, 764 (Tex. 1982). Adoption of Tinsley's and Adams' contention that pursuant to *Waples*, Plano–Lincoln–Mercury's knowledge of their right to resell is sufficient notice, would allow an aggrieved seller to avoid the mandatory language of § 2.706 requiring advance notice of the intention to resell. We decline to adopt this position.

■■■■■ Tinsley and Adams further contend that even if they did not give prior notice of their intention to resell, they are not precluded from recovering on their counter-claim for breach of contract pursuant to § 2.708. We cannot agree. The jury charge does not include a question that would have permitted the jury to award Tinsley and Adams damages based on traditional market contract differential pursuant to § 2.708. Further, to bring suit under § 2.708, Tinsley and Adams were required to plead and prove the elements of § 2.708 to make its prima facie case for damages. *See Cook*, 15 S.W.3d at 138. The record shows that Tinsley and Adams did not do so because they pleaded damages for the "sum of the amount paid plus any losses upon resale for the vehicles, plus interest."

We conclude the trial court erred when it denied Plano–Lincoln–Mercury's objections to the jury charge and its motion for judgment notwithstanding the verdict regarding the measure of damages for Tinsley's and Adams' counter-claim for breach of contract. There was no evidence of notice of their intention to resell the vehicles as required by Texas Business and Commerce Code § 2.706(c).

Plano–Lincoln–Mercury's first issue on appeal is decided in its favor.

### III. CONCLUSION

We conclude the trial court erred when it denied Plano–Lincoln–Mercury's objection to the jury charge and motion for judgment notwithstanding the verdict because there was no evidence that Tinsley and Adams gave it prior notice of their intention to resell the vehicles. Plano–Lincoln–Mercury's first issue on appeal is decided in its favor. Based on our resolution of Plano–Lincoln–Mercury's first is-

sue, we need not address its remaining five issues. *See* Tex.R.App. P. 47.1.

We reverse the trial court's final judgment on the jury verdict as to the award of damages and attorneys' fees to Tinsley and Adams and render judgment that Tinsley and Adams take nothing. *See* Tex. R.App. P. 43.2(c). In all other respects, the trial court's judgment on the jury verdict is affirmed.