# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00493-CV

**Munters Euroform GmbH, Appellant**

**v.**

**American National Power, Inc. and Hays Energy Limited Partnership, Appellees**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT NO. 02-1232, HONORABLE RONALD G. CARR, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Munters Euroform GmbH appeals from a judgment in favor of appellees American National Power, Inc. and Hays Energy Limited Partnership for damage to a construction project. Euroform contends that the judgment is erroneous because the appellees' claims are within the waiver of subrogation included in the underlying construction contract. Euroform also contends that the judgment is erroneous because Hays's claims were barred by the economic loss doctrine. We affirm.

Appellees[1] hired Alstom Power, Inc. to build a gas-fired power plant. Each turbine is installed inside of an air filter house that also contains air filters and an evaporative

---

[1] Although the construction contract and the insurance contract name only Hays as the owner of the property and as the insured, appellees refer to themselves in the singular as American National Power. Because Euroform does not challenge this nomenclature, we will treat appellees together as the owners of the damaged property, as the entity that entered the contract with Euroform, and as the insured.

cooling system. Although the parties agreed in paragraph 26.2 of the Construction Contract that Alstom would buy builder's risk insurance that named appellees as the loss payee, the parties also agreed in paragraph 26.5 that appellees retained the right to purchase insurance. For insurance purchased under paragraph 26.2, the parties agreed that, "[a]s respects the Builder's Risk, Marine and Delayed Opening insurance, subrogation is waived in favor of the Contractor, all Subcontractors, the Owner and their respective officers, agents and employees." Paragraph 26.5 provided in part as follows:

> The Owner retains the right to arrange for the insurance described in Sections 26.2(a) and 26.2(b) covering the interests of all interested parties (the Owner, Contractor, the independent engineer and Subcontractors); provided that Contractor has the right to approve the wording in such insurance policies. If the Owner arranges such insurance, costs and premiums on insured claims shall be paid by the Owner, and the insurance coverage must contain the following: . . . (c) additional insured status and waiver of subrogation to all parties . . .

The parties agreed in paragraph 9.5 that subcontractors were not third-party beneficiaries of the construction contract "except to the extent expressly provided for in this Contract."

Appellees purchased insurance from Factory Mutual Insurance Company. In addition to appellees, the policy expressly lists among the insured "Vend[o]rs and/or suppliers and/or engineering consultants and/or subcontractors of any tier and/or other parties to the extent required by contract" for "loss or damage arising out of their site activities only . . . for their respective rights and interests as described in their contracts or agreements." The insurance policy contains the following language under the heading "Subrogation Waiver":

2

Upon the payment of any claim under this Policy, the Insurers shall be subrogated to all the rights and remedies of the Insured arising out of such claim against any person or corporation whatsoever except that the Insurers hereby waive all rights which they may have acquired by a payment of a claim under this Policy to recover the amount so paid from any person or corporation with whom the Insured, prior to the occurrence of the loss or damage, shall have agreed to waive their rights to recovery in respect of any loss or damage which may be caused by such person or corporation.

The Insurers hereby agree to waive all rights of subrogation or action which they may have or acquire against any of the parties included in the Insured or otherwise indemnified by this Policy, arising out of one loss or event in respect of which a claim is made thereunder.

There is no contract directly between appellees and Euroform. Euroform supplied the evaporative cooling system to one subcontractor and, as a subcontractor itself of Alstom, supervised personnel of another subcontractor who installed the evaporative cooling systems. The subcontracting agreement in which Euroform agreed to supervise the installation states that Euroform would provide insurance coverage for its supervisory employees and that Euroform would be liable to Alstom for all damages incurred on the basis of a "culpable" violation by Euroform of the agreement. Euroform's subcontract with Alstom is silent regarding subrogation.

A fire started during installation of one of the evaporative cooling system, damaging the filter house in which that system was being installed. Factory Mutual paid appellees $1,488,458 under the policy for property damage related to the fire, then filed suit in appellees' name seeking to recover damages from Munters Corporation, Euroform, and others on various theories. Appellees alleged that the fire was caused by negligence as well as manufacturing and marketing defects. Euroform sought summary judgment contending that appellees had waived their claims against Euroform and that, consequently, Factory Mutual had no claims to which they could be

3

subrogated. The trial court denied the motion for summary judgment. The jury found that the fire was negligently caused, that appellees incurred $1,488,458 in damages as a result, and that Euroform was responsible for twenty percent of the damages. Another subcontractor was found responsible for the remaining share of damages. Euroform filed a motion for judgment notwithstanding the verdict, contending that appellees and Factory Mutual waived their rights to subrogation as a matter of law. Euroform reiterated the argument it had made in its motion for summary judgment that the clause in the construction contract stating that "subrogation is waived" against subcontractors, combined with the clause in the insurance contract in which Factory Mutual agrees it cannot be subrogated to claims waived by appellees, results in a waiver by Factory Mutual of subrogation rights against appellees' subcontractors. The trial court denied the motion and entered judgment based on the verdict.

Euroform contends that the trial court erred by rendering judgment against it because subrogation was waived under both the construction and the insurance contracts. We review the denial of a motion for judgment notwithstanding the verdict under a no-evidence standard. *Tanner v. Nationwide Mut. Fire Ins. Co.*, No. 07-0760, 2009 Tex. LEXIS 127, at *4 (Tex. Apr. 17, 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). We credit evidence favoring the jury verdict if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *Id.* (citing *Central Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007)). We will uphold a judgment based on the jury's finding if more than a scintilla of competent evidence supports it. *Id*. (citing *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003) (per curiam)). We must decide whether the evidence at trial could allow reasonable and

4

fair-minded people to reach the verdict under review. *Id.* (citing *City of Keller*, 168 S.W.3d at 827). Similar standards govern review of motions for summary judgment and directed verdict. *Keller*, 168 S.W.3d at 823, 825.

This case turns on contract interpretation. Subrogation rights may be waived or altered by contract. *Trinity Universal Ins. Co. v. Bill Cox Constr., Inc.*, 75 S.W.3d 6, 8 (Tex. App.—San Antonio 2001, no pet.). Courts must try to give effect to all contractual terms so none will be rendered meaningless. *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998). Courts must read all provisions together and give each provision its intended effect. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994).

Euroform contends that the clear intent of appellees and the general contractor was to shift liability to the insurer by preventing the insurer from pursuing allegedly negligent parties. Euroform asserts that they intended to achieve this goal by providing that subrogation was waived in the construction contract and in the insurance policy issued pursuant to that contract. Appellees contend that Euroform was not a third-party beneficiary of the construction contract, and that the construction contract did not waive subrogation against a subcontractor because it did not release the owner's claims against the subcontractor. Appellees also claim that Euroform lacks standing to enforce the terms of the insurance policy and that the insurance policy failed to waive subrogation because the construction contract did not release appellees' claims against subcontractors. They finally contend that the "additional insured" provisions in the construction contract did not waive subrogation because Euroform was not an additional insured because it lacked an insurable interest in the property and because it damaged the property of others.

5

Although the construction contract contains language that declares that "subrogation is waived" as to various parties,[2] the right to subrogation is not the owner's or the contractor's to waive. Owners and contractors can waive their claims against each other. *See Temple Eastex, Inc. v. Old Orchard Creek Partners, Ltd.*, 848 S.W.2d 724, 730-31 (Tex. App.—Dallas 1992, writ denied); *see also Trinity Universal Ins. Co.*, 75 S.W.3d at 13-15. Because a subrogee insurer stands in the shoes of the subrogor insured with the insurer's claims limited to those the subrogor could bring and subject to the same defenses, the subrogor's waiver of its claims extinguishes the subrogee's right to bring those claims in the subrogor's name. *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 774 (Tex. 2007). However, the right to subrogation belongs to the insurer. *Austin Indep. Sch. Dist. v. H.C. Beck Partners*, No. 03-07-00228-CV, 2009 Tex. App. LEXIS 1756, at *7, n.3 (Tex. App.—Austin Mar. 13, 2009, pet. filed) (mem. op.). Although the subrogor can waive a claim and thereby prevent a subrogee from pursuing it, the subrogee's right to pursue otherwise vital claims cannot be waived by the subrogor. *See id.*

The parties to the construction contract did not waive their right to pursue claims against each other, but declared that "subrogation is waived in favor of the Contractor, all Subcontractors, the Owner and their respective officers, agents and employees." Appellees did not thereby or elsewhere waive their right to pursue claims against Alstom (or, by extension, Euroform). Thus, cases holding that owners' waivers of their right to pursue claims against contractors prevent the owners' insurers from pursuing claims against the contractors and subcontractors (as third-party

---

[2] The contract states in relevant part that "subrogation is waived in favor of . . . all Subcontractors."

beneficiaries of the main contract) do not control this case. *See, e.g.*, *Trinity Universal*, 75 S.W.3d at 9, 11-12; *Temple Eastex*, 848 S.W.2d at 729-31. The parties to the construction contract did not have the power to directly waive Factory Mutual's subrogation rights. Although we must try to give effect to all terms of a contract, we cannot interpret contracts in ways that allow parties to exercise powers they do not possess, particularly when that exercise purports to deprive another party of its rights. The subrogation waiver clause may have some meaning, but it does not mean either that appellees waived their right to sue subcontractors or that appellees waived Factory Mutual's right to subrogation. The right to subrogation is waived in this case only if Factory Mutual waived its subrogation rights.

We find no evidence that Factory Mutual waived its subrogation rights. The insurance contract demonstrates the contrary. The parties agreed as follows:

> Upon the payment of any claim under this Policy, the Insurers **shall be subrogated** to all the rights and remedies of the Insured arising out of such claim against any person or corporation whatsoever **except that the Insurers hereby waive all rights** which they may have acquired by a payment of a claim under this Policy **to recover** the amount so paid **from any person or corporation with whom** *the Insured*, prior to the occurrence of the loss or damage, **shall have agreed to waive their rights to recovery in respect of any loss or damage which may be caused by such person or corporation**.

This is not a waiver by Factory Mutual of its right to subrogation, but merely an acknowledgment that a waiver of the claimant's claims would bar the insurer from pursuing the claims waived by the claimant. As discussed, there is no waiver by appellees of any of their claims in evidence. Appellees declared that "subrogation is waived," but that does not constitute a waiver of appellees' claims and appellees lacked the power to waive Factory Mutual's right. At most, the construction contract

7

appears to contain a commitment by appellees to obtain a waiver of subrogation from their insurer. That is not, in itself, either a waiver of appellees' claims or a waiver of the insurer's subrogation rights. *See H.C. Beck*, 2009 Tex. App. LEXIS 1756, at *5-6, *9-10.

Euroform also contends that appellees waived their right to subrogation by agreeing to include subcontractors as additional insureds. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *see also Plano Lincoln Mercury, Inc. v. Roberts*, 167 S.W.3d 616, 620 (Tex. App.—Dallas 2005, no pet.). Appellees contend that Euroform did not own any property on site, so it could not be an additional insured under a property insurance policy. Appellees also argue that Euroform's negligent damage of other insured's property prevents Euroform from claiming protection under any subrogation waiver. The trial record does not reveal that this argument was raised at trial. Euroform did not raise this argument in its motion for partial summary judgment, its motion for directed verdict, or its motion for judgment notwithstanding the verdict. It is not the type of argument on which we can reverse when raised for the first time on appeal. Euroform has not shown error by the trial court in failing to grant relief on an argument not presented to the trial court.

Euroform also sought a directed verdict on the ground that appellees' claims were barred by the economic loss doctrine. The trial court denied the motion. The economic loss doctrine prevents contracting parties from recovering tort damages from their contracting partners in addition to damages available through contractual remedies. It applies when losses from an occurrence arise

from failure of a product and the damage or loss is limited to the product itself. *Equistar Chems., L.P. v. Dresser-Rand Co.*, 240 S.W.3d 864, 867 (Tex. 2007). It does not preclude tort recovery if a defective product causes physical harm to the ultimate user or consumer or other property of the user or consumer in addition to causing damage to the product itself. *Id.* Even if Euroform is entitled to invoke the doctrine despite lacking privity of contract with appellees, the fire damaged property other than the evaporative cooler supplied by Euroform. Euroform did not establish as a matter of law that its evaporative cooler was an integrated component part of a machine that damaged only the integrated machine. *See Signal Oil & Gas v. Universal Oil Prods.*, 572 S.W.2d 320, 322-25 (Tex. 1978). The fire damaged an air-intake filter and other equipment that was not manufactured by Euroform and was not the subject of its subcontracts. These facts are more like the case in which a misrepaired water heater caused a fire and destroyed a house, giving rise to recovery in tort. *See Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508, 509-10 (Tex. 1947). We are also not persuaded by Euroform's argument that the economic loss doctrine in Texas precludes recovery in tort when a subcontractor's actions or product damages property outside the scope of the subcontract, but within the scope of the overall contract, citing *Casa Clara Condo. Ass'n v. Charley Toppino & Sons, Inc.*, 620 So.2d 1244 (Fla. 1993). The economic loss rule is intended to prevent tort recovery when the loss is only economic loss to the subject of a contract. *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991). This prevents over-recovery for a single injury. This principle does not require limiting recovery from a subcontractor to the subject of a subcontract when the subcontractor's action or product damages property beyond the scope of the

9

subcontract. The court did not err by overruling the motion for directed verdict on this issue or by rendering judgment for appellees based on the jury's verdict.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed: August 31, 2009