

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00465-CV

KYONGNAM KIM AND ISIS A TO Z          APPELLANTS
BRIDAL FORMAL, INC.

V.

ANTONIO SANCHEZ, D/B/A AS          APPELLEE
D&C CONSTRUCTION

----------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 2011-002162-3

----------

## MEMORANDUM OPINION[1]

----------

Kyongnam Kim and Isis A to Z Bridal Formal, Inc. appeal from the trial court's judgment awarding breach of contract damages and attorney's fees to contractor Antonio Sanchez, doing business as D&C Construction.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.  This case was originally submitted on May 21, 2013.  On June 10, 2014, the court, on its own motion, ordered the appeal to be resubmitted on July 1, 2014; assigned this case to a new panel; and assigned the undersigned to author the opinion.

## Background

Kim initially hired Sanchez to pour a concrete pad and to resurface the parking lot on property she owned in Bedford, Texas. He completed the work, but she only paid him $5,000 of the $6,000 she had agreed to pay him. While he was still doing the work, Kim and Sanchez agreed that he would perform additional work: framing and finishing a building on the concrete pad. According to Sanchez, Kim was to pay him periodically so that he could get the supplies he needed. During the construction, Kim also asked Sanchez to frame a bathroom area—which he did at no additional charge, to move a door, and to add electrical to the building. Sanchez hired an electrician to do the electrical; Kim paid the electrician half of the agreed amount, $1,000, but she did not pay the additional $1,000. Sanchez had to pay the electrician out of his own pocket.

Sanchez completed all of the framing. But because Kim had not paid him as she had promised, he did not have the supplies to complete the work. When he asked Kim for the money needed to complete the project, she told him that she was waiting for money and would pay him when she received it. Before Sanchez stopped working on the project, he added temporary roofing material to protect the inside structure at the City of Bedford's urging. The only things he left unfinished were the insulation, sheetrock, paint, texture, and taping; the permanent roof shingles; and about $100 of electrical work that could not be finished until the remainder of the inside of the structure was completed.

Sanchez eventually sued Kim for breach of contract. A jury found that although both parties had breached the contracts, Kim did so first. Thus, it awarded damages of $13,635 and attorney's fees of $14,280. After the trial, Kim moved to disregard the damages and attorney's fees awards because of the jury's finding that Sanchez as well as Kim had breached the framing and electrical contracts; Sanchez responded by moving the trial court to disregard the finding that he had breached those agreements. The trial court agreed with Sanchez, finding in its judgment that he was entitled to damages because (1) Kim breached the contracts first and (2) Sanchez had substantially completed the contract and, thus, the jury's findings that he also breached were not supported by the evidence. The trial court awarded Sanchez the full amount of the jury's findings on damages and attorney's fees, plus pre and postjudgment interest.

### Jury Charge and Damage Issues

In her first issue, Kim argues that the trial court erred by refusing to disregard the jury's damages finding because it was rendered immaterial by the jury's additional findings that Sanchez also breached the framing and electrical agreements or, alternatively, because there is no evidence to support the amount of damages awarded. A trial court may disregard a jury finding if the finding is immaterial or if there is no evidence to support the finding. *GuideOne Lloyds Ins. Co. v. First Baptist Church of Bedford*, 268 S.W.3d 822, 831 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g).

3

The crux of Kim's argument is that Sanchez could not recover contract damages if he had also been in breach. But it is "[a] fundamental principle of contract law . . . that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform." *E.g.*, *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994). The jury found that Kim committed the first breach of the framing and electrical contracts, a finding which is supported by the evidence that she failed to pay him on the schedule as the parties had agreed.

Sanchez testified that he and Kim had agreed that she would pay him some of the money for the framing before it was finished and that he told her he needed money for materials before starting the roof. He also said several times that he stopped working only because he had not been paid as agreed and could not afford to buy shingles for the roof. Thus, there was evidence that Kim's failure to pay as agreed prevented Sanchez from completing the work and was therefore a material breach excusing his further performance. *See id.* at 693 n.2. Accordingly, the trial court did not err by denying Kim's motion to disregard the jury's damages and attorney's fees findings.

Kim further contends that Sanchez could not recover the amount of damages awarded—even if she had committed a prior material breach excusing his performance—because he was entitled to recover only under a quantum meruit theory. *See, e.g.*, *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (op. on reh'g); *Vance v. My Apt. Steak House of San Antonio*, 677 S.W.2d 480,

4

482–83 (Tex. 1984). According to Kim, because Sanchez sought the full amount that he would have earned for completion of the contracts—even though he did not complete all of the work—and did not seek any alternative damages, he is entitled to recover only the $1,000 remaining on the first contract for the concrete, which he did complete. Because her argument challenges the appropriate measure of damages, it is essentially a challenge to the legal sufficiency of the evidence supporting the amount of damages awarded.

Kim did not object to the omission of an instruction on the proper measure of damages, nor did she tender her own instruction. Thus, we must measure the sufficiency of the evidence to support the damages awarded by the charge as given. *See Equistar Chem., L.P. v. Dresser-Rand Co.*, 240 S.W.3d 864, 867–68 (Tex. 2007); *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex.), *cert. denied*, 530 U.S. 1244 (2000); *TeleResource Corp. v. Accor N. Am., Inc.*, 427 S.W.3d 511, 523 (Tex. App.—Fort Worth 2014, pet. denied); *see also Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 387 (Tex. 2008) (providing that legal sufficiency complaint may be raised by post-trial motion challenging a single jury question).

The damage instruction read as follows:

> What sum of money, if any, if paid in cash, would fairly and reasonably compensate Antonio Sanchez for his damages, if any, that resulted from Kim Kyongnam's failure to comply with the agreement between Antonio Sanchez and Kim Kyongnam?

> Consider the following elements of damages, if any, and none other.

5

Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about [what] any party's ultimate recovery may or may not be. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Kim concedes that she owes $1,000 remaining unpaid on the first contract for the concrete pad and parking. Sanchez testified that Kim owed him $1,000 for the first contract, $1,000 for the electrical contract that he paid out of his own pocket, and $11,635 for the framing contract (including $1,000 for moving the door).[2] He further testified that the cost to complete the remaining framing and electrical work was roughly equivalent to what he had spent out of pocket on that part of the job, including purchasing materials for the temporary roof. He sought these out-of-pocket expenses as additional damages, arguing during closing that he should recover that amount. Accordingly, we conclude and hold that there is sufficient evidence to support the total damages award of $13,635. We overrule Kim's first issue.

In her second issue, Kim contends that the trial court erred by disregarding the jury's findings that Sanchez failed to comply with the framing and electrical

---

[2]Sanchez presented evidence that the initial contract amount for the framing was $15,635, increased by agreement of the parties to $16,635 with the inclusion of the movement of the door. Sanchez presented further evidence that Kim had paid a total of $3,000 toward the framing contract. Thus, the jury awarded him $2,000 less than the full price of the framing contract ($1,000 for the concrete pad, $1,000 for the electrical, and $11,635 for the framing). Accordingly, contrary to Kim's argument on appeal, Sanchez did not recover damages for full performance rather than substantial completion.

6

agreements. She points out that even Sanchez admits that he did not fully complete the work under those contracts.

The legal doctrine of substantial performance generally permits a party to a contract who breaches nonmaterial terms (but has otherwise substantially performed) to sue the other party to the contract for breach. *Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 598 n.11 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Patel v. Ambassador Drycleaning Co.*, 86 S.W.3d 304, 306 (Tex. App.—Eastland 2002, no pet.). Thus, it was not necessary for the trial court to render an order disregarding the jury's finding that Sanchez breached the framing and electrical agreements. However, even if the trial court erred by disregarding these findings, the error is not reversible because the evidence supports the judgment for damages based on Kim's prior material breach. *See* Tex. R. App. P. 44.1(a). We overrule Kim's second issue.

In her third issue, Kim contends that the trial court erred by including in the judgment $1,000 in damages for Sanchez's moving the location of a door when there was no separate jury question asking whether Kim had breached an agreement to move the door. The jury could have reasonably inferred from Sanchez's testimony that he and Kim agreed that he would move the door for $1,000 as an addition to the scope of work on the framing agreement: according to Sanchez, after he began the framing work, the city required the door to be moved, and Kim asked him to move it. He told her he would move it for an additional $1,250, and they agreed on $1,000. Thus, the evidence supports a

reasonable inference that the agreement to move the door was an addition to the scope of work of the framing agreement. Because the evidence also showed that Kim still owed substantially more than $1,000 on the framing agreement work, the trial court did not err by incorporating the jury's damage finding into the judgment. We overrule Kim's third issue.

**Attorney's Fees**

In her fourth issue, Kim contends that Sanchez is precluded from recovering attorney's fees because his supplemental response to her request for disclosures regarding experts was deficient. *See* Tex. R. Civ. P. 194.2(f). According to Kim, "No information was provided concerning the amount of attorney's fees sought; the method of calculation of fees by hourly rate or contingency; or the number of anticipated hours expended in preparation for trial. Additionally, no documents were produced such as billing records or fee agreement as also required."

Rule of civil procedure 194.2(f) allows a party to request disclosure of the general substance of an expert's mental impressions and opinions and a brief summary of the basis for them. *Id.*; *Goldman v. Olmstead*, 414 S.W.3d 346, 365 (Tex. App.—Dallas 2013, pet. denied). In response to Kim's request for disclosure of any expert witness, Sanchez stated the following: "Mr. Moore is expected to testify regarding the reasonable and necessary attorney fees that were necessary in prosecuting this case and in rebuttal to any attorney fee testimony offered by an expert on behalf of Defendant."

8

A disclosure identifying an attorney's fees expert that states that the expert will be testifying about the reasonableness and necessity of attorney's fees sought is sufficient to give the "general substance" of that expert's anticipated testimony, especially when, as here, the responding party is seeking fees for representation during the entire litigation, which are not determinable at the time of disclosure. *See Goldman*, 414 S.W.3d at 365; *Reynolds v. Nagely*, 262 S.W.3d 521, 531 (Tex. App.—Dallas 2008, pet. denied). Accordingly, we conclude and hold that the trial court did not abuse its discretion by allowing Sanchez's counsel to testify regarding his attorney's fees. We overrule Kim's fourth issue.

## Conclusion

Having overruled Kim's four issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER, J.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: September 4, 2014