# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00291-CV

---

**Randall Crowder, Appellant**

v.

**Philip Sanger, MD, Individually and Derivatively on behalf of TEXO Fund I, GP, LLC, and TEXO Ventures I, LP, Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-16-005403, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

After a bench trial, the trial court awarded appellee Phillip Sanger, MD, individually and derivatively on behalf of TEXO Fund I, GP, LLC (Fund GP) and TEXO Ventures I, LP (Ventures LP)[1] actual and exemplary damages, plus prejudgment interest and fees, from Randall Crowder. After striking Crowder's defensive pleadings for continued contempt of court for non-compliance with discovery requests regarding his net worth, the court held a bench trial and awarded Sanger, individually and derivatively on behalf of Fund GP and Ventures LP, $1,349,492.08 in actual damages and $7,856,249 in exemplary damages.

---

[1] Although TEXO Ventures, LLC (Ventures LLC) initially sued Phillip Sanger, it voluntarily nonsuited these claims in June 2017. The parties dispute in their briefs whether Ventures LLC is a party to this case. Although the judgment and notice of appeal list Ventures LLC among the plaintiffs/counter-defendants in its style, the text of the judgment states that Sanger, individually and derivatively on behalf of Fund GP and Ventures LP—not Ventures LLC—were realigned as plaintiffs. Further, the judgment did not award Ventures LLC any relief or find Ventures LLC liable for any damages to any party and expressly states that it finally disposes of all claims that were asserted among all parties.

Crowder contends that the trial court abused its discretion by striking the affirmative defenses from his pleadings and by imposing contempt and sanctions orders for discovery abuse. He contends that the damage award is erroneous because Sanger's tort claims are barred by the economic-loss rule and because the claims belong to Ventures LLC, not Sanger and the entities awarded damages. He further contends that no evidence or factually insufficient evidence support the liability findings and that the damages award to Sanger was not supported by legally or factually sufficient evidence.

Finding an abuse of discretion in the striking of Crowder's defensive pleadings, we will reverse the judgment and remand for further proceedings.

## BACKGROUND

This case arises from disagreements over the operation of entities created to run TEXO, a private-equity venture fund that invests in, supports, and collaborates with early-stage healthcare businesses. Crowder, Sanger, and Jerry DeVries were the initial members of TEXO Ventures, LLC (Ventures LLC), which in turn executed a management-services agreement with Fund GP, the general partner through which Ventures LLC ran Ventures LP, TEXO's parent entity. In 2016, Crowder and DeVries prompted Ventures LLC to remove Sanger as its manager.

Ventures LLC sued Sanger for breach of contract, breach of fiduciary duty, and conversion. Sanger responded by asserting counterclaims against Ventures LLC and third-party claims against Crowder and DeVries, complaining that they improperly ousted him from Ventures LLC, breached a contract, and breached fiduciary duties; Sanger later amended his claims to assert derivative claims on behalf of Ventures LP and Fund GP. In a separate lawsuit, a Delaware court reinstated Sanger to his position in Ventures LLC.

2

By early 2017, the parties engaged in discovery disputes.  The trial court signed an order requiring that credentials be provided to Sanger so he could access and copy data files stored by Ventures LLC in cloud storage.  On January 31, 2017, Ventures LLC filed a motion to vacate order obtained by fraud, arguing that Sanger had obtained the order by misrepresenting to the court that he did not have access to the cloud-stored files.  On February 15, 2017, Sanger obtained order of contempt against Ventures LLC for its failure to deliver to Sanger the name of the cloud-storage provider and credentials to access and copy the data therein.  The order required Ventures LLC to provide Sanger that information, to provide full access to that information, and cautioned Ventures to segregate, maintain, and not destroy documents withheld on the basis of attorney-client privilege and to keep them such that they could be examined to assess the privilege claim.  On February 21, 2017, Sanger moved for sanctions against Ventures LLC, contending that it had not complied with the order to provide access to stored files and documents and contesting the allegations that Sanger had lied to obtain the contempt order.

On March 6, 2017, the trial court found that "various attorneys and parties on both sides of this lawsuit have engaged in behavior violating both this Court's expectations of professionalism and courtesy and the Lawyer's Creed."  The trial court held that its orders compelling discovery were sufficiently clear and that "Plaintiff's prolonged noncompliance with discovery orders even after being found in contempt constitutes an abuse of process warranting the imposition of sanctions *sua sponte* pursuant to the court's inherent authority."  The trial court ordered Crowder to pay $20,000 for attorney's fees associated with the motion to vacate order obtained by fraud even though Ventures LLC filed that motion on its own and Crowder was a third-party defendant, not "Plaintiff" as defined by the style of the case.  The trial court also

ordered Ventures LLC's attorneys to pay $10,000 as a sanction for delaying tactics and abuse of the judicial process.

After the parties settled claims covered by insurance and the parties amended their pleadings, Sanger, individually and derivatively on behalf of Fund GP and Ventures LP, was realigned to be the plaintiff in this case. Sanger sought recovery for Crowder's breach of fiduciary duty, defalcation, breach of contract, conspiracy, aiding and abetting, unjust enrichment, and tortious interference with contract.

On July 17, 2020, Sanger moved to compel production, asserting that Crowder and DeVries were "withholding documents related to their net worth even though Defendants acknowledge that their net worth is relevant to Plaintiff's claim for exemplary damages." Sanger sought production from Crowder in four categories: support for net-worth statements; current employment and compensation; Crowder's interest in other entities including the Nove entities, Curo Capital, and Cain Capital; and Crowder's other assets including real estate, stocks, cryptocurrency, and trusts. After overruling Crowder's objections, the trial court on August 28, 2020, ordered Crowder to comply and produce all responsive documents by September 15, 2020.

Sanger moved for sanctions and contempt for non-compliance in December 2020. Crowder testified at a hearing on that motion that he sent counsel all documents he believed were requested, and his counsel commented that he was likely responsible if any responsive documents had not been turned over to Sanger's counsel. Crowder contends that Sanger had not requested production of texts or emails relating to the Nove entities in the July 2020 motion to compel.

On February 2, 2021, the court granted Sanger's motion for sanctions and contempt. The court made findings reciting the history underlying the motion for contempt and

4

for sanctions dating back to Sanger's July 17, 2020 Motion to Compel Discovery Responses. The court listed discovery requests that remained unanswered, including interrogatories and requests for production concerning compensation, stock options, or other benefits beginning in 2018 and documents and communications relating to funds or other benefits received from any Nove entity. The trial court found that Crowder had not produced the following:

i. Any documentation of income, compensation, stock options, or other benefits from 2019 or 2020.

ii. Any pay stubs or account statements from 2018, 2019, or most of 2020.

iii. Any texts or emails relating to any Nove entity.

Rejecting Crowder's claim that some requested items did not exist and that others were not produced due to mistake, misunderstanding, or miscommunication, the trial court found that Crowder knowingly and intentionally violated its order. The court noted that Crowder's "discovery noncompliance has persisted despite a prior Order dated March 7, 2017, imposing monetary sanctions of $20,000.00 for his 'prolonged noncompliance with discovery orders even after being found in contempt.'" The court held Crowder in contempt and ordered him to "completely respond to the discovery requests identified in [Sanger]'s Motion for Contempt of Discovery Order and for Sanctions and previously specified in Plaintiffs' Motion to Compel Discovery Responses dated July 17, 2020" within ten days or he would be held in continued contempt and subject to a fine of $500 per day until he purged himself of contempt. The court further ordered as follows:

It is further ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion for Sanctions is GRANTED. The Court finds that there is a direct relationship

5

between the offensive conduct of Defendants Crowder and DeVries and the following sanctions, which are no more severe than necessary to promote compliance and deter future abused of discovery.

It is therefore ORDERED, ADJUDGED, AND DECREED that the defenses of Defendants Crowder and DeVries, including release, satisfaction, waiver, novation, contributory negligence, failure to mitigate, unclean hands, estoppel and estoppel by contract, and limitations, are STRUCK pursuant to Tex. R. Civ. P. 215.2(b). The repeated disobedience of Defendants Crowder and DeVries, despite ample notice and despite the series of orders against them, makes this the exceptional case in which no lesser measure would ensure compliance with the rules.

Soon thereafter, Sanger settled with DeVries, and the trial on the claims against Crowder was held on February 8-9, 2021.

On February 18, 2021, Crowder filed a declaration explaining his discovery responses along with amended responses to discovery requests. At a hearing on March 12, 2021, Sanger moved for continued contempt, asserting that certain categories of documents had not been produced. Crowder responded that he had not produced a privilege log because no documents had been withheld on the basis of privilege. He contended that he had purged himself of contempt by producing every document in his possession, custody, or control responsive to any of Sanger's requests and by serving amended answers to Sanger's interrogatories and requests.

On March 25, 2021, the trial court rendered final judgment awarding Sanger, individually, $395,829 in damages for fiduciary and contract breaches, $791,658 in exemplary damages, $534,028.08 in attorney's fees, plus prejudgment interest from Crowder, offset in part by credit for settlement payments by DeVries. The court awarded Ventures LP and its general partner Fund GP $4,472,999 in past and future damages plus prejudgment interest and $4,208,342 in exemplary damages, offset in part by credit for settlement payments by DeVries.

6

By separate order, the trial court held Crowder in continued contempt for failing to produce all required documents or a privilege log and assessed an accrued fine of $12,000, and an additional $500 per day for any continued noncompliance.

The discovery dispute continued post-judgment. On April 27, 2021, Sanger filed a motion to amend the trial court's order on continued contempt for continued failure to produce documents within categories Crowder was ordered to produce in the August 6, 2020 contempt order. At the June 11, 2021 hearing on the motion, Sanger reduced his motion for contempt to the following three categories he alleged had not been produced: 1) documents and communications related to the distribution of Phunware shares and warrants to Crowder, 2) communications between Crowder and Phunware related to Nove, and 3) communications between Crowder and Phunware related to Nove.

On November 19, 2021, after this appeal was perfected and this Court abated for an order on the contempt motion, the trial court concluded that Crowder had not fully complied with its February 2021 contempt order as of June or October 2021 and assessed an additional $56,000 for violations through July 1, 2021, but "abated" additional fines after July 1. The court ordered Crowder to provide access to all electronic-storage devices and data-storage locations used since January 1, 2018 for a forensic examination in order to allow a search for all unproduced responsive documents.

Crowder sought mandamus relief from the November 2021 order, and this Court granted part of the requested relief. *In re Crowder*, No. 03-21-00604-CV, 2022 WL 1479474 (Tex. App.—Austin 2022, orig. proceeding) (mem. op). We denied Crowder relief from the order to pay $68,000 for continued discovery violations. *Id.* at *3-4. We concluded that the order requiring a privilege log was not an abuse of discretion because it merely reinforced the

7

requirement of Texas Rule of Civil Procedure 193.3 and was conditioned on whether responsive documents had been withheld on the basis of privilege; because Crowder contended that he had not withheld any documents on the basis of privilege, the order did not require him to prepare a log. *Id.* at *4-5. We concluded, however, that the trial court abused its discretion by ordering a forensic examination of Crowder's electronic devices without sufficient notice, opportunity for hearing, and foundation to justify the scope and speed of access to devices and storage locations required absent a provision requiring that a protocol for the examination be in place before the deadline for providing access to the devices and locations. *Id.* at *6. We conditionally granted relief on the forensic-examination issue but have not since been requested to issue the writ. *Id.*

## DISCUSSION

Crowder challenges two sanctions orders. By his first issue, he contends that the trial court abused its discretion by striking his affirmative defenses, leading to the rendition of an improper judgment and basis for further sanctions and contempt rulings. By his second issue, he contends that the trial court abused its discretion by its subsequent sanctions orders that relied on and perpetuated the purportedly erroneous earlier contempt orders and disregarded evidence that Crowder had fully complied with all discovery obligations.

We review the imposition of sanctions for an abuse of discretion. *Nath v. Texas Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). We review the trial court's exercise of discretion for whether the court acted without reference to any guiding rules and principles, not whether the facts present an appropriate case for the trial court's action. *Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004). We can reverse the decision only if it was arbitrary or unreasonable. *Id.*

8

**I.      The trial court abused its discretion by striking Crowder's defensive pleadings.**

Trial courts can strike a party's pleadings in whole or in part as a sanction for the party's failure to comply with discovery requests, disobedience of a discovery order, or abuse of the written discovery process. *See* Tex. R. Civ. P. 215.2-.3. Trial courts also have the inherent power to sanction a party's conduct. *See JNS Enter. v. Dixie Demolition, LLC*, 430 S.W.3d 444, 452 (Tex. App.—Austin 2013, no pet.).

The trial court has discretion over what sanction to impose. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). The sanction imposed must directly relate to the offensive conduct and must not be excessive. *Cire*, 134 S.W.3d at 839. The sanction must be directed against the abuse and toward the prejudice caused the innocent party—that is, the punishment should fit the crime; courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance. *Id.* (citing *TransAmerican*, 811 S.W.2d at 917). "Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." *Id.* (quoting *TransAmerican*, 811 S.W.2d at 918). If the imposition of lesser sanctions does not prompt the party to produce material evidence, the court may presume that the asserted defense lacks merit and dispose of it. *Id.* In *Cire*, the trial court concluded that the plaintiff's refusal to produce audiotapes and its deliberate destruction of audiotapes after being ordered repeatedly to produce them gave rise to a presumption that the audiotapes went to the heart of the proof the defendant needed to show plaintiff's claims lacked merit. *Id.* at 841. The Texas Supreme Court held that the trial court acted within its discretion by imposing death-penalty sanctions in that exceptional case. *Id.*

9

We first note that Sanger contends incorrectly that Crowder may not seek relief from the striking of his pleadings on direct appeal. A party whose pleadings are struck for discovery abuse *may* seek relief by mandamus if appeal from a final judgment will not provide an adequate remedy, *TransAmerican*, 811 S.W.2d at 920. That available remedy does not bar appellants from seeking relief from that sanction on direct appeal of the final judgment. An order striking out pleadings or parts thereof is among the sanctions for discovery abuse that "shall be subject to review on appeal from the final judgment." Tex. R. Civ. P. 215.2(b)(5) (available sanction), .3 (direct appeal available). Further, when a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment. *Bonsmara Nat. Beef Co., LLC v. Hart of Texas Cattle Feeders*, LLC, 603 S.W.3d 385, 390 (Tex. 2020).

Sanger contends that Crowder did not preserve this issue for appeal because he did not raise the arguments he makes here at the trial court. To preserve most grounds for appeal, the complaint must be made to the trial court timely by means that states the ground for the ruling that the complaining party seeks with sufficient specificity to make the trial court aware of the complaint unless the specific ground was apparent from the context. Tex. R. App. P. 33.1(a). Sanger points to Crowder's statement during the February trial that "the Court wrote a very well reason[ed] and thorough order finding contempt and sanctions." Sanger also asserts that Crowder did not complain that the sanctions were excessive, that the trial court did not consider lesser sanctions, that the sanctions were unjust or lacked a nexus to the conduct, that they violated due process, or that the reasoning for the sanction was insufficient. But Crowder had opposed the sanctions and insisted in his response to the motion for sanctions that, if it imposed the death-penalty sanction, the trial court must explain the relationship between the

10

conduct and the sanctions and the necessity for the sanctions, state that a lesser sanction was imposed without effect or explain why the death-penalty sanction was appropriate, and state that the party's conduct justifies the presumption that its claims or defenses lack merit, citing *Cire*, 134 S.W.3d at 842. Crowder then filed a motion for new trial requesting trial with his pleadings reinstated. Parties can construct new arguments in support of unwaived issues properly before the trial court. *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014). We conclude that the issues Crowder raised at trial encompass his appellate arguments that the abuses found regarding net-worth discovery do not indicate a lack of merit in his defenses to the causes of action and that the death-penalty sanctions are not properly responsive to the discovery abuse.

The sanctions imposed are fatally disconnected from the discovery abuse they are intended to punish. Sanctions must be just, Tex. R. Civ. P. 215(b), which means that a direct relationship must exist between the offensive conduct and the sanction imposed. *TransAmerican*, 811 S.W.2d at 917. The court struck Crowder's defenses to the merits of the causes of action—including release, satisfaction, waiver, novation, contributary negligence, failure to mitigate, unclean hands, estoppel and estoppel by contract, and limitations—as punishment for Crowder's failure to respond to inquiries about his net worth that related to Sanger's claim for exemplary damages. The legislature considers liability issues so distinct from exemplary damages that trials can be (but are not required to be) bifiurcated to make liability and exemplary damage awards separate parts of the trial. *See* Tex. Civ. Prac. & Rem. Code § 41.009. Information about a defendant's net worth is not relevant and therefore not discoverable when exemplary damages are clearly not recoverable. *In re Islamorada Fish Co. Tex., L.L.C.*, 319 S.W.3d 908, 912 (Tex. App.—Dallas 2010, orig. proceeding); *see also In re Bella Corp.*,

11

648 S.W.3d 373, 378 (Tex. App.—Tyler 2021, orig. proceeding). While exemplary damages are at issue in this case and the bench trial was not bifurcated, Crowder's withholding of information relevant to exemplary damages was not shown to be relevant to or to have potentially affected the trial court's consideration of the underlying merits of Sanger's causes of action or Crowder's defenses to them.

Sanger argues that previous sanctions and actions support striking the defenses pled. Sanger notes the March 2017 order assessing $20,000 in attorney's fees against Crowder mentioned in the February 2021 order as showing a history of discovery abuse, but the "Plaintiff" found in that order to have "prolonged noncompliance even after being found in contempt" is, according to the style of the case at the time, Ventures LLC—not third-party defendant Crowder. Sanger also argues that Crowder did not respond in 2019-20 to discovery requests concerning Nove regarding merits issues. Sanger argues on appeal that Crowder's contractual and fiduciary duties prohibited him from using TEXO LP for investments like Nove or Phunware or communicating about TEXO operations with third parties outside the course of business without Sanger's approval. Sanger also argues that the court properly found a nexus between the sanction and Crowder's misconduct because Crowder's refusal to produce communications about Nove and Phunware went directly to his breach of fiduciary duty and conduct.

But the trial court did not make such findings. Even if the 2017 attorney's fees award and other orders show Crowder's involvement in previous discovery abuse, the trial court's February 2021 order under review here expressly tied the striking of the pleadings to his failure to comply with discovery requests and orders concerning net-worth information. The court's February 2021 order starts its findings of facts with Sanger's July 17, 2020 motion to

compel discovery requests. In the July 17, 2020 motion to compel, Sanger complained that "Defendants refuse to comply with their discovery obligations and are withholding documents related to their net worth even though Defendants acknowledge that their net worth is relevant to Plaintiffs' claim for exemplary damages." In its August 28, 2020 order compelling discovery responses, the trial court expressly found that the requests for production and interrogatories specified in the July 2020 motion to compel were "related to [Sanger's] claim for exemplary damages" and ordered Crowder to respond to the discovery requests specified in the July 2020 motion to compel. In the December 3, 2020 motion for contempt, after noting previous discovery abuses, Sanger asserted that "the Court ordered [Crowder] to respond to specific discovery requests related to [his] net worth, which are relevant to Dr. Sanger's claim for exemplary damages." Sanger stated that he propounded discovery on net worth "[b]ecause net-worth discovery was necessary to his exemplary damages claim." The court's February 2021 order specifically relies, albeit without limitation, on three quoted discovery requests to which Crowder did not respond: an interrogatory requesting identification of all of his income and compensation, a request for production of documents "relating or referring to the amounts that make up your net worth," and a request for production of all documents or communications relating to funds or other benefits received from the Nove entities.[2] The order lists items responsive to the August 28, 2020 order not received by the time of the January 2021 hearing as including, though not limited to, documentation of income, compensation, stock options, or other benefits from 2019 or 2020, pay stubs or account statements from 2018-20, and any texts or

---

[2] The February 2, 2021 order also refers to discovery requests not fulfilled by DeVries, but he settled his dispute with Sanger and the aspects of the order relating to him and his acts or omissions is not before us.

13

emails relating to any Nove entity. The ultimate sanctions order is based on discovery abuse related to the failures to produce net-worth information relevant to exemplary damages, not to discovery abuse related to the merits of the causes of action or the defensive pleadings that were struck.[3]

The mismatch of the sanctions imposed to the discovery withheld is an abuse of discretion. Sanctions "must be directed against the abuse and toward remedying the prejudice caused the innocent party." *TransAmerican*, 811 S.W.2d at 917. Striking pleadings when there is no showing that the discovery abuse prevented the plaintiff from preparing for trial is an abuse of discretion. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849-50 (Tex. 1992) (orig. proceeding) (defendant's failure to produce additional crash-test results did not prevent plaintiff from preparing for trial and thus did not justify striking pleadings). Striking Crowder's defenses on the merits for his failures to produce information relevant to exemplary damages was not directed against the abuse and, more critically, was not directed toward remedying the prejudice caused to the innocent party. While we recognize the trial court's frustration with Crowder's conduct, the punishment did not fit the crime, as it must. *See TransAmerican*, 811 S.W.2d at 917; *see also Cire*, 134 S.W.3d at 839. Death-penalty sanctions should not be used to deny a trial on the merits unless the court finds that the sanctioned party's conduct justifies a

---

[3] The sanctions order, along with its findings, merged into the final judgment. *Bonsmara Nat. Beef Co., LLC v. Hart of Texas Cattle Feeders*, LLC, 603 S.W.3d 385, 390 (Tex. 2020). Though separately filed findings of fact supplant conflicting findings in a judgment, *see* Tex. R. Civ. P. 299a, the findings in the February 2021 order did not conflict with the May 2021 findings, so we must give the February 2021 findings effect. *See Hill v. Hill*, 971 S.W.2d 153, 157 (Tex. App.—Amarillo 1998, no pet.); *see also Wright v. State Farm Lloyds*, No. 03-20-00384-CV, 2022 WL 567860, at *3, n.2 (Tex. App.—Austin Feb. 25, 2022, no pet.) (mem. op.) (findings in final judgment not supplanted by separately filed findings of fact when they do not conflict); *Land v. Land*, 561 S.W.3d 624, 631, n.3 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (same).

14

presumption that its claims or defenses lack merit and that it would be unjust to permit the party to present the substance of the position that is the subject of the withheld discovery. *Chrysler*, 841 S.W.2d at 850 (citing *TransAmerican*, 811 S.W.2d at 918). Though the trial court recited that "there is a direct relationship between the offensive conduct of Defendants Crowder and DeVries and the following sanctions, which are no more severe than necessary to promote compliance and deter further abuse of discovery," the record does not show such a relationship between the failure to produce net-worth information relevant to exemplary damages and the striking of pleadings of Crowder's defenses to the merits of Sanger's claims, nor does Crowder's noncompliance with discovery requests relating to net worth give rise to a presumption that his defenses lack merit.

We conclude that the trial court abused its discretion by striking Crowder's defenses to the merits of Sanger's causes of action. *See Chrysler*, 841 S.W.2d at 853. We resolve issue one in Crowder's favor.

## II.     Crowder did not show abuse of discretion in later findings of continued contempt.

Crowder argues in his second issue that the abuse of discretion in the February 2021 Order undermines the subsequent March 2021 and November 2021 continued contempt orders. Crowder raised this issue in this appeal in his brief filed before this Court's ruling on his petition for writ of mandamus challenging the November 2021 continued contempt order. In that original proceeding, we denied the petition as to the fines assessed for failure to produce all items responsive to the discovery requests. *See In re Crowder*, 2022 WL 1479474 at *3-4. We concluded that his counsel conceded at a March 2021 hearing that he had not produced all responsive items, thus supporting the March 2021 contempt order. *Id.* We also concluded that

15

he had not shown an abuse of discretion regarding the November 2021 finding of continued contempt and the award of sanctions through July 1, 2021. *Id.* at \*4. We further concluded that the trial court's order that he prepare a privilege log if he was withholding any documents on the basis of privilege was consistent with the rules of civil procedure and not an abuse of discretion, even considering Crowder's assertion that he was not withholding any documents on the basis of privilege. *Id.* at \*4-5. The lone basis on which we conditionally granted the writ concerned the order that he provide access to all business and personal electronic-storage devices and data-storage locations used since January 1, 2018; because we have not been asked to issue the writ, we presume that Crowder's challenge to that aspect of the November 2021 Order is moot.

The defect in the February 2021 Order's remedy of striking the defensive pleadings does not undermine the underlying findings of contempt in the February 2021 Order or the subsequent orders. We have reviewed the record and the arguments on appeal regarding the March 2021 Order and the November 2021 Order and find no merit to the arguments presented for reversal or vacation of those orders and their findings of contempt. We resolve issue two against Crowder.

### III. Crowder waived any assertion of the economic-loss rule for this appeal.

By issue three, Crowder asserts that the judgment is erroneous because Sanger's tort claims are barred by the economic-loss rule. *See Chapman Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) ("The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy.") Crowder does not cite to the record where he raised this contention before the trial court. Crowder has waived the

16

economic-loss-rule issue for our consideration on this appeal. *See* Tex. R. App. P. 33.1(a) (preservation of error by presentment of issue to trial court), 38.1(i) (brief must contain citations to the record); *see also Equistar Chem., L.P. v. Dresser-Rand Co.*, 240 S.W.3d 864, 868 (Tex. 2007) (defendant waived economic-loss rule when it did not clearly and distinctly make trial court aware of contention that economic-loss rule applied to bar plaintiff from recovering tort damages). We do not reach the merits of issue three.

## IV. The remaining issues do not require rendition of judgment against Sanger.

Because we have determined that we must reverse the judgment and remand for further proceedings, we need consider the merits of only those remaining issues that would require rendition of judgment against Sanger's claims. *Cf.* Tex. R. App. P. 47.1.

By issue four, Crowder contends that the trial court erred in rendering judgment in favor of Sanger individually and derivatively on behalf of Ventures LP and Funds GP because any claims belong to Ventures LLC, not to Sanger or the other entities. Crowder asserts that Sanger, Fund GP, and Ventures LP lack standing or capacity to recover claims that belong to "the partnership, Ventures LLC, who is not a party in this case." He contends that members of LLCs lack standing to personally recover for harms done to the LLC, citing *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) and Texas Business Organizations Code section 101.106(b). He contends that, because Sanger did not make claims on behalf of Ventures LLC and did not have the right to recover individually or derivatively on behalf of Fund GP and Ventures LP, the judgment against Crowder is void because the trial court lacked subject-matter jurisdiction. The briefing on this issue is somewhat

17

complex regarding claims at issue and the relationships among the business entities.[4]  But we need not resolve its merits.

Crowder has not raised a jurisdictional issue that requires rendition here and requests remand for further proceedings.  Parties faced with a challenge to the jurisdiction must be given the opportunity to replead the claims to establish jurisdiction unless the pleadings affirmatively negate jurisdiction.  *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012).  Crowder does not show where he raised this issue before the trial court and, while parties can raise standing for the first time on appeal, Crowder has not asserted or shown that Sanger's pleadings affirmatively negate jurisdiction such that Sanger could not potentially replead to establish jurisdiction on remand.  At most, then, we would remand this cause to the trial court to allow Sanger the opportunity to replead.  *See id.*  As we are already remanding this cause, and because Crowder has not raised an issue requiring rendition, we need not resolve issue four.  *See* Tex. R. App. P. 47.1.

---

[4] Crowder refers to a request for declaratory relief that Sanger nonsuited according to the final judgment.  He describes Ventures LLC as "the primary operating entity that served as a general partner for purposes of making direct investments," but cites to the LLC agreement of Fund GP; that agreement describes Fund GP—not Ventures LLC—as the general partner of Ventures LP.  Crowder also asserts that Sanger and Ventures LP are members of Venture LLC, but the Ventures LLC company agreement states in its Schedule A that Crowder, Sanger, and DeVries are the members of Ventures LLC.

Sanger asserts that Ventures LLC is a "named defendant," though he also includes it as a fellow plaintiff/counter-defendant in the style of pleadings he filed after the judgment, and cites to his November 20, 2019 Amended Individual/Derivative Supplemental Claim for Misappropriation & Mismanagement of TEXO I Funds that names Ventures LLC among the defendants.  Sanger asserts that he abandoned claims against entities other than Ventures LLC, but cites an Order on Motion to Vacate and Motion for Sanctions rendered March 6, 2017.

Regardless, Ventures LLC's status as a defendant appears irrelevant to Crowder's claim that Sanger is not entitled to recover on claims that "belong" solely to Venture LLC.

By his remaining two issues, Crowder challenges the evidentiary support for the judgment. By issue five he contends that no evidence or factually insufficient evidence supported any liability findings. By issue six he contends that the judgment awarding damages to Sanger is not supported by legally or factually sufficient evidence. Because the remedy for factual insufficiency is remand, *see Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401-02 (Tex. 1981), and we are already remanding this cause for retrial on the liability issues, we need not assess the merits of the factual-sufficiency aspects of issues five and six. *Cf.* Tex. R. App. P. 47.1.

That leaves the no-evidence or legal-insufficiency claims regarding liability and damages. When a party challenges the legal sufficiency of the evidence, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We review a trial court's findings of fact for legal and factual sufficiency of the evidence by the same standards applied to a jury verdict. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). Evidence is legally insufficient to support a jury finding when (1) the record bears no evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). We must consider evidence favorable to a finding if the factfinder could reasonably do so and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Id.* More than a scintilla of evidence exists when "evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital

19

fact's existence." *Rocor Int'l, Inc. v. National Union Fire Ins.*, 77 S.W.3d 253, 262 (Tex. 2002). In a bench trial, the trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). The trial court may believe one witness, disbelieve others, and resolve inconsistencies in any witness's testimony. *Id.* We may not substitute our judgment for that of the trier of fact merely because we reach a different conclusion. *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex. 1988).

In a bench trial in a civil case, an attack on the sufficiency of the evidence must generally be directed at specific findings of fact rather than the judgment as a whole. *Arrellano v. State Farm Fire & Cas. Co.*, 191 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Any unchallenged findings of fact are binding on the appellate court unless the contrary is established as a matter of law or no evidence supports it. *Id.*; *see also McGalliard*, 722 S.W.2d at 696. Any unchallenged findings that support the judgment will preclude reversal of the case. *Zagorski v. Zagorski*, 116 S.W.3d 309, 319 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

Crowder does not specify any particular finding of fact out of the thirty-four findings that the trial court made. He contends generally that the imposition of death-penalty sanctions deprived him of the ability to present a defense. He further argues that the evidence conclusively established that Crowder's conduct was authorized and that Sanger's injuries were his own fault based on capital calls Sanger and DeVries authorized. Crowder contends that he continued his existing role and responsibilities even after the parties' settlement, "performing obligations he was no longer obligated to meet." He contends that there is no evidence of a violation by him of any fiduciary duty. He further contends that Sanger's expert's damages model was flawed and that Crowder is not responsible for any additional funding that Sanger volunteered. Crowder also complains that the trial court prevented him from "questioning and

20

admitting Sanger's expert testimony" from another lawsuit in which the expert testified that Ventures LLC was the party harmed.

We conclude that the record contains more than a scintilla of evidence supporting the findings of fact essential to support the judgment for liability and damages as the case was presented at the bench trial. Because we are remanding the case for further proceedings, we conclude that a detailed recitation and application of evidence to findings is not necessary to the disposition of this appeal. *See* Tex. R. App. P. 47.1. We resolve issues five and six against Crowder to the extent that they would result in rendition of judgment in Crowder's favor.

## CONCLUSION

Concluding that the trial court abused its discretion by striking Crowder's defensive pleadings to the merits in response to discovery abuse related to net-worth information relevant to exemplary damages, we reverse the judgment and remand this cause to the trial court for a new trial and other further proceedings.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Smith
  Dissenting Opinion by Justice Kelly

Reversed and Remanded

Filed:   June 30, 2023

21